ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

CORFIELD'S CLAIM.

Suffolk.   March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.*

Upon the question whether a member of a fraternal beneficiary corporation or the beneficiary claiming a death benefit under his certificate had acquiesced in a by-law reducing the amount to be paid for death benefits, which was adopted by the corporation in good faith and afterwards was held to be invalid, so as to bar the beneficiary from sharing, to the amount of the balance of the death benefit, in an emergency fund in the hands of the receiver of the property of the corporation appointed under R. L. c. 119, § 19, to settle its affairs, it appeared that the member died about three years and seven months before the appointment of the receiver, after having protested against the reduction, that about four months later the beneficiary accepted the reduced amount and surrendered his certificate, without any misrepresentaton having been made to him, but gave no release, and that about seven and a half months later the beneficiary sued out

a writ against the corporation but filed no declaration and failed to enter the action. *Held*, that the member preserved his rights by protesting and that at his death the beneficiary was entitled to share in the fund to the extent of the full amount of the death benefit before the by-law; and that such acquiescence as was shown on the part of the beneficiary without a release of his rights was not a bar to his being paid the balance of the death benefit out of the emergency fund, although that fund had been kept in existence by the acquiescence of the members generally in the validity of the by-law.

LORING, J. Corfield's claim (claim 139) is another of the seventeen appeals from the decree of October 29, 1909. See *Attorney General* v. *American Legion of Honor* (*Hall's Claim*), *ante*, 158.

In this case the member died on January 20, 1901, after having protested against the reduction. On May 29, 1901, the beneficiary took $1,900 and surrendered her certificate. We accept as true Wilson's version of the statements made to her at that time, and find that there was no misrepresentation made to her then. On January 18, 1902 (some seven and a half months later), she sued out a writ against the defendant, " but no declaration or statement of claim was filed, and no action of any kind was taken thereunder," and therefore that did not help to preserve her rights.

The member preserved his rights by protesting, and the beneficiary at his death was entitled to be paid on the basis of a $5,000 certificate. That claim never has been released and is not barred by the statute of limitations.

Where the member did not acquiesce in the validity of the by-law but protested against it, the acquiescence of the beneficiary for this length of time should not in our opinion bar her from being paid the death benefit legally due to her out of the trust fund held for that purpose, although that fund has been kept in existence by the acquiescence of members generally in the validity of the by-law.

The beneficiary is entitled to the relief stated in *Law's Claim*, *ante*, 183.

*Decree accordingly.*

*H. A. Wyman*, receiver, *pro se*.

*J. C. Ivy*, (*C. S. Ensign, Jr.*, with him,) for the claimant.

*J. J. Higgins & A. L. Goodwin*, for the members in good standing.